IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOEY VINNEY, <br><br> Plaintiff, <br> v. <br><br> CAROLYN W. COLVIN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER <br><br> Case No. 2:13-CV-804 BCW <br><br> Magistrate Judge Brooke Wells |

Plaintiff-appellant Joey Vinney appeals from the decision of an administrative law judge (ALJ) finding Plaintiff not disabled and the Commissioner's decision upholding the ALJ's decision denying him benefits.[1] Mr. Vinney filed an application for disability on February 26, 2009, alleging disability beginning on November 9, 2008. He alleges disability due to "numerous physical impairments"[2] including *inter alia* headaches, a heart disorder, back ailments, syncope, and sleep apnea.[3] Mr. Vinney's application was denied initially and on reconsideration. This appeal followed. For the reasons set forth below the Court reverses and remands the decision of the Commissioner.

**BACKGROUND**

On November 13, 2011, appellant received a de novo hearing before an ALJ. The ALJ determined that appellant had the severe impairments of a heart disorder, heart pacemaker, lumbar surgery, migraines, and sleep apnea. The ALJ found that these impairments did not meet or equal a listing. The ALJ specifically considered whether or not Mr. Vinney met or equaled

---

[1] After examining the briefs and the record, the Court has determined to decide this matter on the briefs without oral argument.
[2] Opening brief p. 3, docket no. 20.
[3] The parties fully set forth the medical history in their respective memoranda. The Court finds it unnecessary to repeat that record in detail here. Instead, the Court notes those items that are pertinent to its decision.

Listing 4.05 for recurrent arrhythmias and concluded he did not.  Next, the ALJ determined that appellant retained the residual functional capacity (RFC) to perform sedentary work with certain additional limitations.  Mr. Vinney's RFC and ailments precluded him from performing any past relevant work which included appellant's employment as a shuttle driver, welder, and truck driver.  Finally after considering Mr. Vinney's age, past experience, education and RFC, the ALJ concluded that appellant could perform other sedentary jobs in the national economy.  The ALJ concluded that therefore appellant was not disabled.  The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

The Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.[4]

## DISCUSSION

On appeal, Mr. Vinney contends that the ALJ erred in the following ways: (1) by failing to properly evaluate whether he equaled Listing 4.05; (2) by not properly evaluating the treating physician testimony; (3) by failing to properly evaluate his credibility and the lay witness testimony; and (4) by finding there is other work available that appellant could perform.  The Court addresses each of these arguments in turn.

### I.     Listing 4.05

If a claimant has an impairment that meets or medically equals one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listings), the ALJ will find him disabled.[5]  The

---

[4] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (stating the relevant standards of review for a court when reviewing a denial of social security benefits); *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

[5] 20 C.F.R. § 404.1520(a)(4)(iii); *Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) ("Step three asks whether any 'medically severe impairment,' alone or in combination with other impairments, is equivalent to any of a number of listed impairments so severe as to preclude 'substantial gainful employment.'  If listed, the impairment is conclusively presumed disabling.") (internal citations omitted).

claimant has the burden to present evidence establishing that his impairments meet or equal a listed impairment.[6] "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."[7]

Appellant argues the ALJ did not consider all the evidence in evaluating Listing 4.05. To qualify for disability under Listing 4.05, "there must be a documented association between the syncope or near syncope and the recurrent arrhythmia. The recurrent arrhythmia, not some other cardiac or non-cardiac disorder, must be established as the cause of the associated symptom."[8] Thus, Mr. Vinney must demonstrate arrhythmias resulting in uncontrolled, recurrent episodes of syncope or near syncope despite prescribed treatment "documented by resting or ambulatory (Holter) electrocardiography, or by other appropriate medically acceptable testing, coincident with the occurrence of syncope or near syncope."[9]

Here appellant concedes that "there ha[s] not been a Holter test done."[10] Therefore, Mr. Vinney does not meet Listing 4.05. Appellant, however, asserts that he equals the Listing because the record demonstrates repeated episodes of syncope and numerous arrhythmias.

In contrast to appellant's arguments is the opinion of the medical expert, Dr. Kendrick Morrison, who testified at the hearing that Mr. Vinney's impairments do not meet or equal Listing 4.05. The ALJ relied on Dr. Morrison's opinion in denying appellant benefits. Dr. Morrison stated:

> By history we have certainly evidence of 4.05 for recurrent arrhythmias. We do have definite evidence of a pacemaker placement…. The problem I have is I don't have documented EKG evidence of a continuing arrhythmia or associated

---

[6] *Fisher-Ross*, 431 F.3d at 733.
[7] *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).
[8] 20 C.F.R. pt. 404, subpt. P, app. 1 § 4.00(f)(3)(c).
[9] *Id.* §4.05.
[10] Opening brief p. 9.

with the syncope, even though that's basically apparently what it's been attributed to **even though some notes indicate that it's unknown etiology**, … so it's hard for me to document 100 percent that that's what's causing the syncope, or if indeed, if he really is having syncope.[11]

Dr. Morrison acknowledged that there was an assumption by Mr. Vinney's cardiologist that the syncope and the arrhythmias are related. Appellant asserts this assumption by his cardiologist along with other medical evidence of arrhythmias in the record is enough to warrant a finding that he equals Listing 4.05. The Court disagrees.

In *Sullivan* the Supreme Court stated "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."[12] Here, there is no documented evidence tying the syncope to the arrhythmias. There are assumptions in the record that the arrhythmias created the syncope, but there are also other notes indicating that the syncope is of unknown etiology. The Court finds that assumptions and the evidence in this record fail to meet the Supreme Court's standard and do not support a finding that appellant equals Listing 4.05. Thus, the ALJ's finding regarding Listing 4.05 is supported by substantial evidence in the record.[13]

## II. Treating Physician Testimony

Under the regulations, agency rulings, and Tenth Circuit case law, an ALJ must "give good reasons in [the] notice of determination or decision" for the weight assigned to a treating physician's opinion.[14] The notice of determination or decision "must be sufficiently specific to

---

[11] Tr. 109 (emphasis added). Tr. refers to the official transcript of the record in this case.
[12] *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).
[13] *See Angel v. Barnhart*, 329 F.3d 1208 (10th Cir. 2003) (upholding the ALJ's determination that the claimant did not meet or equal a listing where the claimant failed to "put forth any specific medical evidence linking her [problems to the alleged disorder]").
[14] 20 C.F.R. § 404.1527(d)(2).

make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."[15] Social Security Ruling 96-2p establishes a two-step sequential process for determining what weight should be given to a treating source's opinion. First, an ALJ must decide whether a treating source opinion should be given controlling weight.[16] The ALJ must determine whether the treating source opinion is "well-supported by acceptable clinical and laboratory diagnostic techniques."[17] Then, the ALJ must confirm that the opinion is consistent with other substantial evidence in the record. If it is deficient in either regard, then a treating source is not entitled to controlling weight.

But even when a treating source is not given controlling weight there are additional steps the ALJ should take. In completing the analysis:

> "[a]djudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."[18]

These factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[19]

---

[15] SSR 96-2p, 1996 WL 374188, at *5.
[16] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).
[17] SSR 96-2p, 1996 WL 374188, at *2.
[18] *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *4.
[19] *Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) (quotation omitted).

After considering these factors, the ALJ must "give good reasons in [the] notice of determination or decision" for the weight he ultimately assigns the opinion.[20] And finally, if the ALJ rejects the opinion completely, he must then give "'specific, legitimate reasons'" for doing so.[21] With these principles in mind the Court turns to the ALJ's analysis of the appellant's treating physician Todd Mooney.

Appellant contends that the ALJ erred by failing to properly evaluate his opinion. Dr. Mooney treated appellant since October 2006. In October 2011, Dr. Mooney filled out a residual functional capacity statement.[22] He opined that appellant suffers from sick sinus syndrome, syncope, polycythemia, atrial fibrillation, migraines, and sleep apnea. As a result of these impairments, Dr. Mooney opined that appellant would need unscheduled breaks 4-5 times a week, would be off task up to 30% of the workday, and would be absent from work five or more days a month. Clearly Dr. Mooney's evaluation was severely limiting.

In considering Dr. Mooney's opinion the ALJ stated that his restrictions were not supported by significant clinical abnormalities. The ALJ further concluded that his evaluation form was conclusory and unsupported by medical evidence. Finally, the ALJ declined to afford Dr. Moony's opinion controlling weight instead giving it "little weight as to the claimant's ability or lack thereof to perform work-related activities."[23]

The Commissioner argues the rejection of Dr. Mooney's opinion was proper because it was largely consistent with the ALJ's RFC. The Court disagrees because the ALJ's RFC was not nearly as disabling as Dr. Mooney's opinion including the likelihood of missing five or more days of work a month. The Commissioner next argues that Dr. Mooney's opinions were not

---

[20] 20 C.F.R. § 404.1527(d)(2).
[21] *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir.1996) (quoting *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir.1987)).
[22] Tr. 954-57.
[23] Tr. 75.

supported by the medical record or even his own notes.  As support the Commissioner cites to a notation from December 2010 and one from June 2011 that demonstrate little arrhythmia activity.  The problem however, is that these notations are overwhelmed by other evidence in the record of abnormal testing and findings.

In addition, the Court finds the ALJ failed to give sufficiently specific reasons for affording Dr. Mooney's opinion "little weight."  The ALJ went from not giving Dr. Mooney's opinion controlling weight to affording him little weight without providing the reasons for doing so and failing to adequately consider the factors set forth in the regulations.  In essence it appears the ALJ's determination of little weight was akin to an outright rejection of Dr. Mooney's opinion without the requisite "'specific, legitimate reasons'" for doing so.[24]  Accordingly, the Court concludes the ALJ erred in rejecting Dr. Mooney's opinion and remands this case for a further evaluation of his opinions.

### III.     The ALJ's Credibility Determination, Lay Witness Testimony and the Availability of Other Work

The Court does not address these remaining arguments raised by appellant because they may be affected by the ALJ's treatment of the case on remand.  However, the Court does note that "Credibility determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence."[25]  Nor will this court substitute its judgment on the credibility of witnesses from which the ALJ has seen and heard testimony.  To do so would turn this Court into a super trial examiner weighing the credibility of one witness against another, which is improper in an administrative appeal.[26]

---

[24] *Miller*, 99 F.3d at 976 (quoting *Frey,* 816 F.2d at 513).
[25] *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).
[26] *See e.g., Ready Mixed Concrete Co. v. N.L.R.B.* 81 F.3d 1546, 1551 (10th Cir. 1996); *Osteopathic Hosp. Founders Ass'n v. N.L.R.B.*, 618 F.2d 633, 636 (10ht Cir. 1980).

## CONCLUSION AND ORDER

In light of the foregoing, the Court remands this matter to the Commissioner for further proceedings consistent with this decision. The judgment of the Commissioner is REVERSED and REMANDED.

DATED this 30 May 2014.

Brooke C. Wells
United States Magistrate Judge